IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS


JONATHAN D. LUCAS, #08559-025,   )
                              )
         Petitioner/Defendant,    )
                              )     CIVIL NO. 11-cv-829-DRH
vs.                          )
                              )     CRIMINAL NO. 09-cr-30114-DRH
UNITED STATES of AMERICA,    )
                              )
        Respondent/Plaintiff.    )


## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1).  On June 7, 2010, Petitioner entered an open plea of guilty to the charge of distribution of over five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  *See United States v. Lucas,* Case No. 09-cr-30114-DRH (Doc. 28).

On September 9, 2010, the undersigned Judge sentenced Petitioner to 120 months imprisonment, eight years supervised release, a fine of $625, and a special assessment of $100.  Judgment was entered on the same date (Doc. 42 in criminal case).  Petitioner did not file a direct appeal, nor did he apply for a writ of certiorari to the Supreme Court of the United States.  His

§ 2255 motion was timely filed on September 13, 2011.[1]

Petitioner raises one ground for relief in his § 2255 motion.  He claims that his trial counsel was ineffective because he incorrectly advised Petitioner that the Fair Sentencing Act of 2010 (which was signed into law on August 3, 2010) would not be retroactively applied to Petitioner's case (Doc. 1, p. 3; Doc. 1-1; pp. 1, 3).  Petitioner asserts that based on counsel's faulty advice, he agreed in his guilty plea that the pre-2010 mandatory minimum sentence of ten years applied in his case.  His attorney failed to file any motion seeking to have the new act apply to his sentencing.  He further states that had it not been for his attorney's errors, he would not have pled guilty under the higher sentencing guidelines.  He points out that according to a July 15, 2011, memorandum from Attorney General Eric Holder, the Fair Sentencing Act should be applied to any case, such as Petitioner's, in which sentencing occurred after August 3, 2010 (Doc. 1-1, pp. 5-6).

In Petitioner's case, although he pled guilty, the open plea (Doc. 28 in criminal case) did not include any written waiver of the right to appeal or to collaterally attack his conviction.  Petitioner claims that his attorney caused him to waive his rights to appeal (Doc. 1-1, p. 3).  However, the record shows that

---

[1] The September 9, 2010, judgment became final on November 8, 2010, upon the expiration of the time for Petitioner to appeal, which was 60 days from the time the judgment was entered.  FED. R. APP. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days after entry of the judgment if one of the parties is the United States); *see also Clay v. United States*, 537 U.S. 522, 525 (2003) (for defendant who does not file petition for writ of certiorari on direct review, one-year limitation period for filing § 2255 motion starts to run when the time for seeking Supreme Court review expires).  Therefore, Petitioner had one year from November 8, 2010, to file his § 2255 motion.  28 U.S.C. § 2255(f)(1).

during the sentencing hearing, Petitioner was advised of his right to appeal (Doc.

39 in criminal case).  Thus, the guilty plea presents no barrier to the

consideration of Petitioner's § 2255 motion.

**Disposition**

The Court **ORDERS** the Government to file a response to Petitioner's

motion within **THIRTY (30) DAYS** of the date of this Order (on or before June 4,

2012).  The Government shall, as part of its response, attach all relevant portions

of the record.

**IT IS SO ORDERED**.

**DATED:** May 2, 2012

Digitally signed by
David R. Herndon
Date: 2012.05.02
14:25:53 -05'00'

_____

**U.S. District Judge**